IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:25-CV-313-BO-RN

| | |
|---|---|
| MIRIAM VIVIANA DEHAAN LEON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ELMER GARCIA VALENTE, ) | |
| ) | |
| Respondent. ) | |

Petitioner has filed in this Court a petition for return of child to petitioner pursuant to the Convention on the Civil Aspects of International Child Abduction (Hague Convention) and the International Child Abduction Remedies Act (ICARA). Oct. 25, 1980, T.I.A.S. No. 11670, *reprinted in* 51 Fed. Reg. 10494 (Mar. 26, 1986); 22 U.S.C. §§ 9001-9011. [DE 1]; [DE 6].

Petitioner, a citizen of Mexico, seeks to secure the return of her two minor children, K.X.G.D. and R.G.D (hereinafter "the Children"). Petitioner has filed a verified petition under the Hague Convention and ICARA and moved for the issuance of a temporary restraining order under Fed. R. Civ. P. 65(b). It does not appear that respondent has been served with either the petition or the motion for temporary restraining order.

Rule 65(b) of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders. It provides that

> (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). While temporary restraining orders are at times necessary, "[t]he stringent restrictions imposed by . . . Rule 65 [] on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 438–39 (1974). Accordingly, the procedural requirements of Rule 65(b) are strictly construed. *Tchienkou v. Net Tr. Mortg.*, 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010).

Here, the Court determines that the motion for temporary restraining order fails to comply with Rule 65(b)(1)(B). The motion for temporary restraining order [DE 4] is therefore DENIED WITHOUT PREJUDICE.

However, "[b]oth Article 7(b) of the Hague Convention and 22 U.S.C. § 9004 permit courts to take provisional measures to ensure that abducted children are not removed from their jurisdiction during the litigation." *Chambers v. Russell*, No. 1:20CV498, 2020 WL 13042301, at *2 (M.D.N.C. June 16, 2020). Accordingly, a preliminary hearing on the petition shall commence on **Friday, June 20, 2025, at 3:00 p.m. at the United States Courthouse at 201 South Evans Street in Greenville, North Carolina**. Respondent SHALL appear at the hearing with the Children and the Children's passports.

Respondent is PROHIBITED from removing the Children from the Eastern District of North Carolina during the pendency of these proceedings or otherwise facilitating their removal from this district. Failure to comply with any of the terms of this order may result in sanctions, including arrest and a finding of contempt. The petitioner shall serve a copy of this order on respondent and file proof of the same within three (3) days of the date of entry of this order.

Petitioner may participate in the preliminary hearing via videoconference if necessary. Counsel should notify the Clerk's Office not later than June 16, 2025, if videoconferencing is necessary.

SO ORDERED, this 11 day of June 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE