IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:25-CV-313-BO-RN

| | | |
|---|---|---|
| MIRIAM VIVIANA DEHAAN LEON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ELMER GARCIA VALENTE, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court on petitioner's motion for summary judgment. [DE 30]. No response has been filed and the time for doing so has elapsed. In this posture, the motion is ripe for decision. For the following reasons, the motion is granted.

This Court previously granted petitioner's motion for partial summary judgment [DE 23] and found that she had established a prima facie case for return of her minor children under Article 3 of the Hague Convention. [DE 28]. The Court denied respondent's motion to dismiss or in the alternative for summary judgment [DE 26] without prejudice, and provided respondent an opportunity to renew his motion for summary judgment and establish his affirmative defenses. Respondent did not move for summary judgment and did not provide any evidence to support his affirmative defenses. Petitioner then moved for summary judgment. [DE 30].

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the nonmoving party must then come forward and establish the specific material facts in dispute

to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotation marks and citations omitted).

Given that respondent produced no evidence supporting his affirmative defenses, petitioner's motion for summary judgment demonstrates the absence of a genuine issue of material fact. Respondent failed to come forward with specific material facts in dispute. The Court already determined that petitioner has established a prima facie case for return of the children [DE 28], and she is therefore entitled to a judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, petitioner's motion for summary judgment [DE 30] is GRANTED. Respondent is ORDERED to return the minor children K.X.G.D. and R.G.D. to petitioner in Mexico within thirty days of the entry of this order.

SO ORDERED, this ___*4*___ day of May 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2